————o————

ALEX. B. SNYDER, Exe. of OLIVER E. SNYDER, Defendant in Error, *vs.* LINDSAY MURDOCK, Plaintiff in Error.

1. *Lands and land title—Title bond—Notes for purchase money—Property at whose risk, etc.*—After an executory contract for the conveyance of real estate has been entered into, by the execution of a bond for title and notes for the purchase money, the property is at the risk of the purchaser.

2. *Land, sale of—Purchase notes—Title bonds—Pleading—Counter claim.*— Where notes are given for the purchase money of land, and the vendor delivers to the maker of the notes his bond for the title, the right of the vendor to sue on the notes does not depend on his tender of the deed, and in bringing suit he is not bound to refer to the title bond. The transactions are separate and distinct, and the defense that plaintiff had failed to make tender of the deed is matter for an independent counter claim.

*Error to St. Francois Circuit Court.*

*B. B. Cahoon* and *J. B. Robinson,* with *John F. Bush,* for Plaintiff in Error.

I. The covenants, in the bond for a deed, of defendant in error's testator, and the execution of the notes by plaintiff in error for the payment of the purchase money, were, unquestionably, mutual and dependent contracts and covenants. This being true, it was incumbent upon the defendant in error, or the heirs of the testator, to tender a deed, conveying by good title all the property described in the bond for a deed, and to aver such tender in his petition, as a condition precedent to the right of recovery on the notes; and the vendor, or his representatives, can not recover, without averring performance, or an offer to perform. (Biddle vs. Coryell, 3 Harrison, 377; Leonard vs. Bates, 1 Blackf. 172; Bank

of Columbia vs. Hagner, 1 Peters, 455 to 465 ; Dietrich vs. Franz, 47 Mo., 85, and cases there cited ; Wellman's Adm'r. vs. Dismukes, 42 Mo., 101 ; Washington and Turner, vs. Ogden, 1 Black, 450 ; Huffman vs. Ackley, 34 Mo., 277 ; see specially Robinson vs. Harbour, 42 Miss., 797, and Vol. 9, Am. Law, Reg. 357,—to be found also in 2 American Reports, 671.)

The doctrine of mutual and dependent covenants savors so strongly of justice, that courts will construe covenants to be mutual and dependent, unless the contrary intention clearly appears in the contract ; and this doctrine is founded upon the equitable doctrine that a party shall not be forced to pay out his money, unless he can get that for which he stipulated. (Stockton vs. George, 7 How., 172 ; Peques vs. Mosby, 7 S. & M. 340 ; Waddington vs. Hill, 10 S. & M., 560 ; Bank of Columbia vs. Hagner, 1 Peters, 455 ; 2 Wendell, 297 ; Robinson vs. Harbour, 42 Miss. 797 cited *supra*.)

*Green, Gilroy & McClardy*, for Defendant in Error

The tender of the deed for the property in this case, is not a condition precedent to the maintainance of the action, but only a condition precedent to obtaining a judgment for the purchase money ; such being the case, a tender of a good and sufficient deed by replication, as in this case, is sufficient. (Luckett vs. Williamson, 37 Mo., 388 ; Wellman's Adm'r. vs. Dismukes, 42 Mo., 101.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on two promissory notes, executed to the plaintiff's testator.

The defendant set up several distinct defenses in his answer.

1st. That the notes were given for land and fixtures for which plaintiff's testator had given his bond for title, and had failed to convey.

2d. That neither the testator or any other person, had offered to convey the real estate to him.

3rd. That the contract had been rescinded.

4th. That after such rescission, the fixtures, consisting of a carding machine and mill, had been consumed by fire, and that they gave value to the land, and were the main inducement to the purchase.

The plaintiff by replication admitted that the notes were given for the real estate mentioned, but alleged that his testator had always been ready to comply with his bond on the payment of the purchase money, and that he was now ready and willing, and on the trial tendered a deed from the devisees to defendant. The replication denied the rescission of the contract, &c.

The case was submitted to the court sitting as a jury, and resulted in a verdict and judgment for the plaintiff.

There was no evidence of any rescission of the contract, except the testimony of the defendant, which was objected to, on the ground that the testator and his agent who made the contract were both dead. But the court allowed him to testify.

The defendant contends that by the pleadings, this case was converted into a suit in equity.

The suit is upon promissory notes and the defenses set up are all legal defences such as could have been pleaded at law under the old system of pleading.

The instructions given on both sides presented the law of the case fairly. The court was the judge of the credibility of the witnesses, and the sufficiency of the evidence, and we do not feel at liberty to disturb the finding.

After an executory contract for the conveyance of real estate has been entered into, by the execution of a bond for title and notes for the purchase money, the property is at the risk of the purchaser.

If it burns up it is his loss, if it increases in value it is his gain. This is the settled equity doctrine, and is based upon the principle that in equity what is agreed to be done must be considered as done.

The plaintiff's right to sue on these notes did not depend on a tender of a deed. The notes were unconditional on their

face, and in bringing suit he was not bound to refer to the title bond.

The defence in regard to the title bond, was an independent counter-claim, and the plaintiff had the right to reply as he did and make tender of the deed on the trial. A vendor ordinarily is not bound to part with his title, till all the purchase money is paid. He can retain the title as security for the purchase money, unless he has bound himself to make the title before payment.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.