G. A. HOFFMANN, Respondent, v. THE CITY OF COLUMBIA, Appellant.

Kansas City Court of Appeals, November 7, 1898.

**Vendor and Vendee:** EXECUTORY CONTRACT: DAMAGES FOR THE CHANGE OF A STREET GRADE: PARTIES. A vendee in an executory contract for the sale of a lot in a city, who by the terms of his contract is not entitled to the possession or the rents and profits until the execution of the contract, can not maintain an action for damages to the lot occasioned by change of the street grade accruing in the interim between the making of the contract and the vendee's right to possession.

*Appeal from the Boone Circuit Court.*—Hon. John A. Hockaday, Judge.

Reversed.

E. M. Watson, Webster Gordon, N. T. Gentry and Turner & Hinton for appellant.

Hoffmann being a mere vendee under an executory contract of sale, was not the owner of the property, and could not maintain an action for injuries done to it prior to the time at which he acquired title by the delivery of the deed from Mrs. Riggins. Des Jardins v. Boom Co., 54 N. W. Rep. 718; Moyer v. Scott, 30 Mich. 345; Bick v. Hill, 27 Mo. App. 504, 558; Deland v. Vanstone, 26 Mo. App 297.

C. B. Sebastian and J. W. Jamison for respondent.

After the execution of the written contract for the purchase of the property, it was at plaintiff's risk, and he should be entitled to recover for any damages done thereafter. "After an executory contract for the conveyance of real estate has been entered into, by the execution of a bond for titles and notes for the purchase money, the property is at the risk of the purchaser. If it burns up it is his loss, if it increases in value it is his gain." Snyder v. Murdock, 51 Mo. 175; Walker v. Owen, 79 Mo. 563, loc. cit. 569. The execution of the deed related back to the date of the contract of purchase. Hammond v. Johnston, 93 Mo. 198–210.

Smith, P. J.—This is an action by the plaintiff against defendant, a city of the third class, to recover damages occasioned by the action of the latter in changing the grade of certain designated streets in

front of the property of the former, in pursuance of an ordinance passed for that purpose. At the time of the passage of the ordinance Mrs. Riggins was the owner in fee of the property and between that time and the change of the grade of said streets, she entered into a written contract with the plaintiff for the sale of the property and the execution of a deed therefor. The deed was not executed until a few days after the completion of the street improvement. The evidence abundantly shows that the property was greatly damaged by the grading of the streets. There was a trial resulting in judgment for plaintiff and defendant appealed.

The defendant contends that inasmuch as the plaintiff was a mere vendee under an executory contract of sale that he was not such an owner of the property as entitled him to recover damages for injuries done thereto prior to the time of the delivery of the deed to him.

*VENDOR and vendee: executory contract, damages for the change of a street grade: parties.*

Our practice act—Revised Statutes 1889, section 1990—requires that every action shall be prosecuted in the name of the real party in interest. The question here is, who was the real party in interest at the time of the injury to the property?

Snyder v. Murdock, 51 Mo. 175, was where defendant had given his notes for real property and the plaintiff had given bond for title. The carding machine and mill situate on the property were destroyed by fire before the payment of the notes or the making of the deed. In a suit on the notes the defendant pleaded as a defense that the carding machine and mill gave the property great value and were the main inducement to the purchase, etc. In the course of the opinion in the case, it is said that: "After an executory contract for a conveyance of real estate has been entered into by the execution of a bond for title and notes for the purchase

money, the property is at the risk of the purchaser. If it burns up, it is his loss; if it increases in value, it is his gain. This is the settled equity doctrine, and is based upon the principle that in equity *what is agreed to be done must be considered as done.*"

In Walker v. Owen, 79 Mo. loc. cit. 569, the defendant, under a title bond, took possession of the premises. There was on the lot a store house of which defendant took possession, under his contract, and used the same for several months and was so using it when it burned down. It is said by the court, in deciding the case, "that when a vendee thus takes possession of real estate, under a title bond, from the vendor, and the improvements thereon are destroyed, the loss falls on the vendee." Snyder v. Murdock, 51 Mo. 175. The defendant is not in a position to rescind the sale if he desired, for he can not put the vendor *in statu quo* by restoring to him the property he obtained from him. See, also, Deland v. Vanstone, 26 Mo. App. 297; Woods v. Straup, 63 Mo. 433; Tatum v. Brooker, 51 Mo. 148.

It has been twice held by the supreme court of Michigan that where persons holding lands under a contract for sale which does not give them any possessory right therein before completion of payment therefor can not, before such payment, maintain an action for damages done to such land, since they are not the owners of the freehold. Moyer v. Scott, 30 Mich. 345; Des Jardins v. Boom Co., 54 N. W. Rep. 718. It does not appear, from the meager statement made in Snyder v. Murdock, *supra*, whether or not the vendee was put in the actual possession of the property, but it may be fairly inferred that such was the fact. That is the way it is to be understood. Walker v. Owen, *supra*.

It appears, from the contract of sale, that Mrs.

Riggins should reserve in her deed the rents, issues and profits of said property up to July 1, 1897—more than six months after the date of the injury—and that the plaintiff should not disturb the tenant in possession until the last named date.    It is thus seen that the plaintiff, at the time of the spoliation of the property, of which he complains, was not then in either the actual or constructive possession.  Though the plaintiff had only a contract for the conveyance to him of the title to the property, yet the action could have been maintained by him if he had been placed in the actual possession thereof by his vendor.    There is nothing in the contract which had the effect to make the subsequent deed operate by relation back to the date of the contract.    The plaintiff, by the terms of the former, was not entitled to the latter until he made the payment of a certain amount of the purchase money and secured the remainder thereof in either one of the two ways stipulated.    And as the land was not paid for, and the plaintiff could not have possession until after the payment of part of the purchase money, the giving of the stipulated security for the deferred payments, it is plain that the vendor had a valuable interest therein and not a mere naked title, and that an injury to the land was an injury to her.    We, therefore, conclude that the plaintiff was not the real party in interest, in the statutory sense, and the action was improperly prosecuted in his name.    It results that the demurrer to the evidence, interposed by the defendant, should have been sustained.

As the ruling just made is decisive of the case on the merits, it becomes wholly unnecessary to notice the question of the sufficiency of the defense pleaded by the answer and stricken out by the trial court on the motion of the plaintiff.

Judgment reversed.    All concur.