# SPEICHER v. LACY.

No. 792. Opinion Filed April 14, 1911.

(115 Pac. 271.)

**VENDOR AND PURCHASER—Executory Contracts—Title—Growing Crops.** Equity treats things agreed to be done as actually performed, and, when real estate is agreed to be conveyed by a valid executory contract of sale, without reservation, the equitable title passes at once to the vendee, and with it title to all crops growing on the land, but not as to crops severed from the soil.

(Syllabus by the Court.)

*Error from District Court, Pawnee County; L. M. Poe, Judge.*

Action by L. F. Lacy against I. B. Speicher. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Wm. Blake,* for plaintiff in error.
*Louis S. Wilson* and *Victor O. Johnson,* for defendant in error.

TURNER, C. J. This is an action in replevin brought by the defendant in error, L. F. Lacey, against the plaintiff in error, I. B. Speicher, in the district court of Pawnee county to recover 40 bushels of wheat in the stack, 300 bushels of corn in a crib, and 300 bushels of corn standing in the field; all on a certain piece of land described in the petition, situate in Pawnee county. After general denial filed, there was trial to a jury and judgment for plaintiff, and defendant brings the case here.

At the close of plaintiff's testimony, defendant demurred to the evidence, which was overruled, after which additional evidence was introduced. The first assignment is that the court erred in overruling said demurrer. When this is the state of the case, the rule is:

"Where the district court overrules a demurrer to plaintiff's evidence, and thereafter both parties proceed with the trial and introduce further and additional evidence, and sufficient evidence is introduced to make out a case for the plaintiff, a judgment rendered and entered in his favor on a verdict for plaintiff will not be disturbed." (*Max Meyer et al. v. R. S. White*, 27 Okla. 400, 112 Pac. 1005.)

There is no material conflict in the testimony. Resolving all controverted questions of fact in favor of plaintiff, the evidence discloses that prior to February 13, 1906, defendant in error, L. F. Lacy, hereafter called plaintiff, was the owner of the land described in the petition; that on said day he and one J. H. Wiley entered into a contract whereby he leased to said Wiley said land for one year from March 1, 1906; that said Wiley immediately took possession of the premises and farmed the same during that year; that on July 27, 1906, plaintiff entered into a written contract with plaintiff in error, hereafter called defendant, entitled "Articles of Agreement for Warranty Deed," whereby without reservation said Lacy, for $400 cash in hand and $4,600 when paid, agreed to convey to defendant said land by warranty deed not later than 30 days thereafter; that said sum was paid on August 18, 1906, whereupon plaintiff executed and delivered to him the deed as agreed, and also delivered to him the lease contract entered into between plaintiff and said Wiley; that at the date of said contract of sale the wheat in controversy had been cut and stacked on the demised premises; that the next day plaintiff, who was entitled to receive the same from Wiley as rent under said lease, sold 350 bushels of corn to one Fisher, and two days later 250 bushels more to one Fayne, which was all the corn in controversy, and for which, when defendant refused to let the

purchasers remove the same, plaintiff bought it back and brought this suit.

As the wheat at the time of the contract of sale was severed from the soil, it seems to be conceded, and properly, that the same, being no part of .the real estate, did not pass to the defendant by said contract, and hence the court did not err in overruling his demurrer to the evidence as to it, the same being clearly the property of plaintiff under said contract. But not so as to the corn growing in the field at that time. · It being part of the freehold, all equitable title and interest therein, the property of plaintiff, passed to defendant, and became from that time his property, and as to it the demurrer to the evidence should have been sustained, the theory of the law being with reference to written executory contracts of sale as stated by the court in the syllabus of *Dunn v. Yakish et. al.*, 10 Okla. 388, 61 Pac. 926, thus:

"Equity treats things agreed to be done as actually performed, and when real estate is sold under a valid contract, the purchase money to be paid in part, and the deed executed at a future day, the equitable title passes at once to the vendee. * * * "

And in 1 Pom. Eq. Jur. § 368, thus:

"In some respects, and for some purposes, the contract is executory in equity as well as at law; but so far as the interest or estate in the land of the two parties is concerned, it is regarded as executed, and as operating to transfer the estate from the vendor and to vest it in the vendee. By the terms of the contract the land ought to be transferred to the vendee. Equity therefore regards these as done; the .vendee as having acquired the property in the land, and the vendor as having acquired the property in the price. The vendee is looked upon and treated as the owner of the land. An equitable estate has vested in him commensurate with that provided for by the contract, whether in fee, for life, or for years. Although the vendor remains owner of the legal estate, he holds it as a trustee for the vendee, to whom all the beneficial interests have passed, having a lien on the land, even if in possession of the vendee, as security for any unpaid portion of the purchase money. * * * It follows also, as a necessary consequence, that the vendee is entitled to any improve-

ment or increment in the value of the land after the conclusion of the contract, and must himself bear any and all accidental injuries, losses, or wrongs done to the soil by the operations of nature or by tortious third persons not acting under the vendor."

In determining the question of title between plaintiff and defendant, to said corn upon the execution and delivery of said contract, the test is which of them would be compelled to sustain the loss should the corn have been destroyed after that time without the fault of either. This was the test applied in the Dunn case, *supra*. In that case Yakish, in writing, sold and agreed to convey to Dunn by general warranty deed a house and lot in Oklahoma City for $1,000, $100 of which was cash in hand, the balance to be made in certain payments. Possession was to be delivered January 1, 1898, and a warranty deed thereto was agreed to be executed February 1, 1898. After that time, Dunn commenced suit in equity against Yakish for specific performance of the contract, and alleged that the building was worth $550 and the lot $450; that after the contract was made and plaintiff still in possession said building was destroyed by fire; that he had tendered her $100, which with $100 cash paid at the time of executing the contract and a $250 mortgage assumed by him, aggregating $450, was all the lot was worth, and demanded a deed, which he said had been refused; and prayed the court for a decree as stated. Upon the issues joined the case turned upon the question as to which of the contending parties should suffer the loss of the building destroyed by fire. The court, after pronouncing the contract one of absolute sale of real estate with an agreement to convey at a future date on payment of the purchase money, said:

"In contracts of this kind, between individuals, the vendee is, in equity, the owner of the estate from the time of the contract of sale, and must sustain the loss if the estate be destroyed between the agreement and the conveyance, and will be entitled to any benefit which may accrue to it in the interim. This rule has become elementary, and is supported by all the text-writers, and practically all the courts. * * * If the equitable title passed to Dunn when the contract of sale was executed, then the loss occasioned by the destruction of the buildings by fire without fault

of the vendor is the loss of the vendee, and he cannot refuse to comply with the contract on that ground. If, after the contract is entered into, and before the conveyance is executed, the buildings are destroyed by fire, the loss will fall on the purchaser. 1 Sugd. Vend. c. 7, § 2; *McKechnie v. Sterling,* 48 Barb. (N. Y.) 330; 1 Pom. Eq. Jur. § 368; 2 Warv. Vend. 850; *Reed v. Lukens,* 44 Pa. 200 [84 Am. Dec. 425]; *Lombard v. Congregation,* 64 Ill. 482; *Snyder v. Murdock,* 51 Mo. 175."

And further, in the syllabus, said:

"Where a valid contract for sale of real estate has been entered into, the deed to be executed at a future day, it is no defense, in an action to recover balance of purchase money, that the estate has been diminished in value by the destruction of the buildings thereon by fire, unless it is shown that the vendor was in some way at fault in causing such fire."

See, also, *Brewer v. Herbert,* 30 Md. 301, 96 Am. Dec. 582; *Vancouver Nat. Bank v. Law, etc., Co.* (C. C.) 153 Fed. 440.

It is unnecessary to consider further the testimony or other assignments of error.

We are of opinion that the court erred in not overruling the demurrer as to the wheat and sustaining it as to the corn, and for that reason this case is reversed and remanded, with directions to divide the costs equally between plaintiff and defendant.

All the Justices concur.