## SCOTT-BALDWIN CO. *et al.* v. McADAMS.

No. 4879.   Opinion Filed June 23, 1914.

(141 Pac. 770.)

1. **VENDOR AND PURCHASER**—Contract for Sale of Land. The agreement between the plaintiff and K. examined and held to be a contract for the sale of land.

2. **SAME**—Contract of Sale—Interest Acquired by Vendee. A contract for the sale of land, bona fide, made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, and a transcript of a judgment in favor of a third person against the vendor filed in the county in which the land is situated, subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired.

(Syllabus by the Court.)

*Error from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Action by J. J. McAdams against the Scott-Baldwin Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Kennamer & Coakley* and *Moore & Bass,* for plaintiffs in error.

*Carr & Field,* for defendant in error.

KANE, C. J.    This was a suit commenced by the defendant in error, J. J. McAdams, plaintiff below, against the plaintiffs in error, defendants below, for the purpose of canceling a certain sheriff's deed which purported to convey to the defendants certain real estate situated in Stephens county.    Upon trial to the court, judgment was rendered in favor of the plaintiff, to reverse which this proceeding in error was commenced.

It seems that on the 1st day of September, 1909, the plaintiff and one J. H. Key entered into an agreement in writing whereby said Key agreed to execute and deliver to said plaintiff a good and sufficient warranty deed with a complete abstract to the land herein involved, and the plaintiff obligated himself to execute and place in escrow, to be delivered to said Key, a good and sufficient warranty deed to certain lots in the city of Sulphur.    It was further stipulated that in case of the failure of said Key to make a good and sufficient abstract of title and warranty deed, or if he should not carry out said agreement within six months, certain other considerations mentioned in said contract as paid to said plaintiff would be considered as forfeited and be applied as rent for said lots in the city of Sulphur.    It was further stipulated that, upon the date of said contract, said plaintiff would place in escrow a warranty deed with abstract of title to the Sulphur lots, to be delivered to said Key upon performance by him of his part of the contract.    On the 10th day of September, 1909, said Key executed a deed, pursuant to the terms of the contract, which was delivered to the plaintiff on the 20th day of said month, who had the same duly recorded a short time thereafter.    In the meantime the contract of sale became fully executed.    On the 13th day of September, 1909, the defendants caused a transcript of a judgment in their favor against said Key rendered on May 3, 1909, in the county court of Marshall county, to be filed in the office of the clerk of the district court of Stephens county; and on the 23d day of the same month caused an execution to be issued out of the district court of Marshall county to the sheriff of Stephens county, which was levied upon the land involved herein; and on the 22d day of November, 1909, said land was sold under said execution, the judgment creditors, defendants

herein, becoming the purchasers; thereafter said sale was confirmed and a sheriff's deed issued. Of the issuance of the execution, the sale thereunder, confirmation thereof, and the execution and delivery of the sheriff's deed, the plaintiff herein had no notice until a short time prior to the commencement of this suit.

It was contended on the part of the defendants that, although the transcript of the Marshall county judgment was filed in Stephens county subsequent to the date of the contract, but prior to the time the contract of sale became fully executed, the judgment lien of the defendants attached to the Stephens county land and was entitled to precedence over the contract of sale entered into by and between McAdams and Key. The court below, correctly, we think, declined to take this view of the law.

The agreement between the plaintiff and Key is designated a "contract of sale," and so it seems to us to be. Having reached the conclusion that the contract is a contract for the sale of land *bona fide,* made for a valuable consideration, the question of law thus presented is analogous to the question involved in the case of *Adams v. White,* 40 Okla. 535, 139 Pac. 514, wherein it was held that:

"A contract for the sale of land, *bona fide,* made for a valuable consideration, vests the equitable interest in the vendee from the time of the execution of the contract, and the vendee is entitled to a conveyance and to a decree in chancery for a specific execution of the contract, if such conveyance is refused; and a judgment obtained by a third person against the vendor subsequent to the making of such contract, but prior to the time of its complete performance, cannot defeat or impair the equitable interest thus acquired, nor is it a lien on the land to affect the right of such *cestui que trust.*" *Fouts v. Foudry,* 31 Okla. 221, 120 Pac. 960, 38 L. R. A. (N. S.) 251, Ann. Cas. 1913E, 301.

Moreover, it is familiar law that a judgment creditor is not a *bona fide* purchaser. He parts with nothing to acquire his lien; he is in a very different position from one who has bought, or contracted to buy, and paid, or has parted with anything of value on the faith of a recorded title. The equities are entirely unlike.

One has, and the other has not, parted with value upon the faith of the record. If the real prevails over the apparent title, the one is no worse off than before he acquired the lien, while the other loses the value paid or loaned. Hence equity will help the latter while it cares nothing about the former.

In the instant case, the plaintiff and Key had entered into a *bona fide* contract, in pursuance of which he placed in escrow a deed to certain valuable property in the city of Sulphur which was delivered to Key without any further action on the part of the plaintiff upon performance by Key of his part of the contract. Shortly thereafter the contract became fully executed, and the deed conveying the land involved from Key to the plaintiff was made, executed, and delivered and recorded in the proper county long prior to the execution sale. In such circumstances, the purchaser at the execution sale bought with constructive notice of the interest of the plaintiff, and therefore it would be inequitable to permit the judgment of the defendants herein to attach to the Stephens county land, and thereby cause the plaintiff not only to lose it, but the Sulphur lots also. *Holden v. Garrett,* 23 Kan. 98.

The judgment of the court below must therefore be affirmed.

All the Justices concur.