21 P.(2d) 94

**KELEHER v. ASH et al.**

No. 3736.

Supreme Court of New Mexico.

April 13, 1933.

W. A. Keleher and A. H. McLeod, both of Albuquerque, for appellant.

Thomas J. Mabry, of Albuquerque, for appellees.

WATSON, Chief Justice.

This suit, commenced August 5, 1929, is upon a contract whereby plaintiff's assignors agreed to sell, and defendants agreed to purchase, certain real property, for an agreed down payment and numerous deferred monthly installments. The complaint, alleging the making of some of the deferred payments and default in the rest, prays that defendants be held indebted for the balance, for a sale of the property to satisfy the indebtedness, and for judgment for any deficiency. When plaintiff had rested, defendants moved for judgment, and were sustained. A final judgment followed dismissing the complaint. Plaintiff appeals.

The judgment is based upon a construction of the contract, limiting appellant's remedy, in case of default by appellees, to a rescission of the contract and retention of the payments made. This requires consideration of the following of the contract provisions:

"8. It is mutually agreed that time is the essence of this contract. Should the Purchaser fail to make any of the said payments at the respective times herein specified, or fail or refuse to repay any sums advanced by the owner under the provisions of the foregoing paragraph, or fail or refuse to pay said taxes, assessments or other charges against said real estate and continue in default for Thirty days after written demand for such payments, or payment of taxes, or payment of assessments or other charges against said real estate, or repayment of sums advanced under provisions of the foregoing paragraph, has been mailed to the Purchaser addressed to them at 510 Girard Avenue Albuquerque, New Mexico then the Owner may, at his option, either declare the whole amount remaining unpaid to be then due and proceed to enforce the payment of the same; or he may terminate this contract and retain all sums theretofore paid hereunder as rental to that date for the use of said premises, and all rights of the Purchaser in the premises herein described shall thereupon cease and terminate and he shall thereafter be deemed a tenant holding over after the expiration of –h– term without permission. An affidavit made by said Owner or his agent showing such default and forfeiture and recorded in the County Clerk's office shall be conclusive proof, in favor of any subsequent bona fide purchaser or encumbrancer for value, of such default and forfeiture; and the Purchaser hereby irrevocably authorizes the Owner or his agent to thus declare and record such default and forfeiture, and agrees to be bound by such declarations as their act and deed.

"9. Said Purchaser shall be entitled to take possession of said real estate and retain possession thereof until this contract shall be terminated by the exercise of the Owner of the option above provided, or until the delivery by the hereinafter named escrow agent, back to the Owner of all the papers held in escrow herewith, but the legal title to said real estate shall remain in said Owner until this contract has been fully performed upon the part of the Purchaser and deed executed and delivered as hereinbefore specified.

"10. It is understood and agreed upon the completion of all the stipulations and agreements herein contained, said Owner will, at the time of delivery of Warranty Deed, also deliver to said Purchaser, abstract of title, showing said real estate to be of good and merchantable title, on the date of the delivery of the Warranty Deed. It is further understood and agreed, however, that in the event the said Purchaser should cause any entries to be made upon the County Records which would affect the title to the above described land and which would put the Owner to extra expense in having his title abstracted; then the said Purchaser shall pay to said Owner any and all sums of said extra expense. * * *"

"13. It is understood and agreed that, coincident herewith the Owner has executed a

good and sufficient warranty deed conveying the above described premises to the Purchaser, which said deed, together with a copy hereof, shall be placed in escrow, with First National Bank, Albuquerque, New Mexico who is hereby designated and appointed Escrow Agent, to be delivered by the Escrow Agent to the Purchaser upon full compliance on his part with all the conditions of this contract. In consideration of that fact the said Purchaser executes, coincident herewith, a special warranty deed reconveying the above described premises to the Owner, which said special warranty deed shall also be placed in escrow herewith to be delivered by the Escrow Agent to the Owner in the event that the said Purchaser defaults as hereinabove set forth, and remains in default for a period of Thirty days without the written consent of the Owner for said Purchaser so to remain in default.

"14. For the purpose of carrying out the terms of this Contract, the following letter is directed to the Escrow Agent, to-wit:

"Escrow Letter

"To First National Bank, Albuquerque,
    New Mexico,

"In re the sale under contract by George Kronemeyer and wife to Oliver Knox Ash and wife of the property hereinabove described, we hand you herewith, the following papers to be placed in escrow, to-wit:

"Warranty deed to herein described property from Geo. Kronemeyer and wife to Oliver Knox Ash and wife.

"Special Warranty Deed conveying herein described property from Oliver Knox Ash and wife to George Kronemeyer and wife.

"We also hereby appoint you Escrow Agent hereunder, and direct you as such Escrow Agent to collect the payments provided for in the above contract and place the money so collected to the credit of George Kronemeyer, Albuquerque, New Mexico. Upon full compliance with the terms of said contract on the part of the purchaser, you are directed to deliver all the above mentioned papers to said Purchaser. In the event that the said Purchaser should default as set forth in the foregoing contract, and so remain in default for a period of Thirty days, without the written consent of the Owner, for said Purchaser so to remain in default, you are directed to deliver all the above mentioned papers to said Owner.

"In witness whereof, the said parties have hereunto signed and sealed this contract in their own proper persons the day and year first above written.

"Albuquerque, N. M., January 8, 1927
    "George Kronemeyer        [Seal.]
    "Marguerite Kronemeyer    [Seal.]
    "Oliver Knox Ash          [Seal.]
    "Ellen T. Ash             [Seal.]

"We hereby accept the appointment and designation of Escrow Agent herein and acknowledge receipt of the above mentioned papers.

"First National Bank, Albuquerque, N. M.
    "E. H. Bierman."

Of these provisions the court said in its opinion: "The contract form apparently attempts to provide an option to the vendor to declare a forfeiture on default and retake the property and retain the payments made, or to declare the whole amount remaining unpaid on default as due and proceed to enforce the payment of it all. These contracts, of course, are very difficult as they are neither flesh, fish, nor fowl. The contract purports to retain title in the vendor, which is rather inconsistent with the idea of an option. The escrow letter in paragraph 14 by which a third party, the bank, is made a party to the contract, seems to me certainly inconsistent with the option provisions in 8 and 9, if it does not destroy them. The escrow provisions bring in a third party who is, under the terms of 14, bound to carry out that paragraph, and apparently no option is given this third party in any particular. The contract would be complete if paragraph 14 were not executed and a third party not brought in, it would be a complete contract then between the vendor and vendee, and the provisions of 8 and 9 would be unassailable. The omission of paragraph 14 would leave a clear complete contract. The inclusion of it makes it, at best, an ambiguous contract. I dismiss the suit, which is an equity case, on condition that defendants execute whatever conveyances are necessary to vest title in the plaintiffs."

■ The learned trial judge evidently considered that, except for the escrow provisions, the contract would have been enforceable according to its terms. It is not contended to the contrary. We agree. The vendor's reservation of an option to rescind for default of the purchaser in making the payments does not destroy the character of the contract as a sale. Such option was obviously for the benefit of the vendor. The purchaser may not take advantage of his own default to claim a rescission. Fouts v. Foudray, 31 Okl. 221, 120 P. 960, 38 L. R. A. (N. S.) 251, Ann. Cas. 1913E, 301; Stewart v. Griffith, 217 U. S. 223, 30 S. Ct. 528, 54 L. Ed. 782, 19 Ann. Cas. 639, and annotation.

■ The theory of the trial judge would reduce the contract to an option on the part of appellees, either to pay and obtain title, or to rescind and avoid liability for the agreed purchase price. We are unable to see how the insertion of the escrow provisions renders the contract ambiguous, or affects at all the promise of appellees to pay the price, or the right of appellant to exact it. We see in paragraphs 13 and 14, above set forth, no more than a recital of quite usual measures taken to secure appellees in their right to a deed upon full performance, while at the same time securing the vendor in case he should desire to exercise the option to rescind for nonpayment. We do not understand that these measures, or the recital of them, constituted the bank a party to the main or sale contract. The bank of course was bound to deliver the papers according as one or the other of the parties should rightfully demand them. We do not conclude from this that the vendor was compelled to demand or ac-

cept them, or waived his right to enforce the contract as a sale.

To sustain the judgment, despite the error in interpreting the contract, appellees contend that no remedy was available to appellants, because written demand was not shown to have been made for the overdue payments, as required by paragraph 8.

The complaint alleged, both that the written demand had been made, and that appellees, by abandoning the premises about ten months before institution of suit, had waived demand. Both of these matters were issues at the trial.

Appellees, assuming that the trial court found demand to have been made, contend that the evidence does not support the finding. Appellant contends that it does, and contends further that, if it does not, demand was waived by the abandonment.

The court did find, as requested by appellant, that appellees had abandoned the premises on or about October 1, 1928. However, he was not asked to make, and did not make, any conclusion of law as to the effect of such abandonment. Neither party here supports his position on this legal proposition by argument or authority.

What view the trial court took as to the evidence of written demand is left in doubt. When the point was raised below at the close of the case the court said, "I don't care about that. They proved a written notice and if you deny it, all right. They called on you for the letter and you didn't have it." This would indicate that the court was satisfied with the evidence. Yet the court refused a finding proposed by appellant embodying, among other facts, the making of such demand, and at the same time refused a finding proposed by appellees that such demand was not made.

Under these circumstances, and in view of our conclusion on the first point, we deem it best not to attempt to decide these matters. They should be decided first below.

The judgment will be reversed. The cause will be remanded for any proper further proceedings not inconsistent herewith.

It is so ordered.

SADLER, HUDSPETH, BICKLEY and ZINN, JJ., concur.