NEITCH et al. v. DARROUGH.

No. 30795. Jan. 25, 1944.

*145 P. 2d 429.*

O. A. Brewer, of Hugo, and J. E. Whitehead, pro se, of Ft. Smith, Ark., for plaintiffs in error.

James G. Welch, of Hugo, and Paul G. Darrough, of Oklahoma City, for defendant in error.

CORN, C. J. This is an appeal from a temporary order of injunction granted the plaintiff restraining and enjoining the defendants from cutting and removing timber from land during the pendency of an action for damages alleged to have been sustained by the plaintiff by reason of the cutting and removal of timber from the land previously by the defendants.

A temporary order of injunction was first issued by the county judge in the absence of the district judge from the county, and thereafter, upon full hearing of the application in the district court, the temporary injunction was sustained and continued in force during the pendency of the action; and from this order of the court the defendants brought this appeal. The parties will be referred to herein as they appeared in the trial court.

The defendants present as grounds for reversal the following propositions:

(1) That the purported contract under which plaintiff claims title to the land was simply an option contract, and one which would not support injunctive relief.

(2) That the petition failed to state a cause of action against the defendants.

The plaintiff pleaded in his petition the contract of purchase of the land, under which he claims an interest in the land which would entitle him to injunctive relief sought against the defendants. Therefore, the two propositions must necessarily be considered together, as the second proposition depends entirely upon the first.

The argument of the defendants is based upon the premise that the plaintiff's contract was a mere option to purchase the land, and that the same does not vest in the plaintiff any interest or equity in the land that would support his claim to the timber, and entitle him to an injunction against the taking of the timber from the land by the defendants.

We consider the language of the contract sufficiently clear to establish its identity as not to require a discussion of the distinction between an option to purchase and a contract for a deed. The language and import of the instrument clearly characterize it as a contract of purchase, or contract for a deed. Preliminary recitals as to description and ownership of the property are followed by a paragraph as follows:

"Now, Therefore, be it agreed and understood by and between the parties

hereto that First Party has this day sold and does hereby sell to Second Party, and Second Party has this day purchased of and from First Party the above described real estate at and for the agreed price and sum of One Hundred Eighty ($180.00) Dollars, which said sale and purchase is upon the following terms and conditions, and each of them, to wit:

"1st. Second Party agrees to pay to First Party at the Security State Bank, of Hugo, Oklahoma, the sum of Fifty ($50.00) Dollars in cash in part payment of the above named purchase price immediately upon delivery to said Security State Bank of the following papers: (Here is listed Authenticated copy of the Will of Albert J. Martin, and of Juliaetta Martin, and the probate thereof in a foreign jurisdiction, and other papers and information necessary to the bringing of ancillary probate proceedings in this jurisdiction, and the deed to be delivered to the second party upon payment of the balance of the purchase price.)"

The second party agreed to pay the balance of the purchase price on or before March 2, 1942, and agreed to perfect his title at his own expense, and without any expense to first party.

The contract also contained the usual provision that in the event the second party failed to pay the balance of the purchase price the escrow bank should return the deed to first party, and that the down payment should be retained by first party as liquidated damages for failure to fulfill the contract.

In Dunn v. Yakish, 10 Okla. 388, 61 P. 926, where the language of the contract was that the vendor "has this day sold and agreed to convey," it was held that the contract was an absolute contract of sale of the real estate, with an agreement to convey at a future date on payment of the installments of purchase money, and that the equitable title passed at once to the vendee. The house on the lot was destroyed by fire before the balance of the purchase price was paid and before the conveyance was made, and the question arose as to who should bear the loss. It was held that the loss must be born by the vendee who held the equitable title.

The same principle was involved in Speicher v. Lacy, 28 Okla. 541, 115 P. 271, wherein it was held that growing crops were a part of the freehold and passed to the vendee with the equitable title to the land under the contract of purchase.

See, also, Fouts v. Foudray, 31 Okla. 221, 120 P. 960; Scott-Baldwin Co. v. McAdams, 43 Okla. 161, 141 P. 770.

The plaintiff, being the equitable owner of the land, was entitled to equitable relief against trespass, waste, or other injury to the land where his title to the property was shown to be paramount to that of the defendants. The following statement from 32 C. J. 121, § 147, sustains the right of the plaintiff to maintain his action:

"An equitable interest in property is in general sufficient title on which to base a suit for an injunction. This doctrine has been applied in proceedings to enjoin waste, trespass, or wrongful sale, and in proceedings to quiet title."

A similar statement is found in 66 C. J. 1089, § 892:

"A purchaser's equitable title to land will entitle him in a proper case to maintain a suit to enjoin trespass, waste, or other injury to the land by a third person."

It appears from the record that subsequent to the date of the plaintiff's contract of purchase, the defendant J. E. Whitehead sold by written contract the timber on the land to Joe Neitch, but the said J. E. Whitehead failed to show that he had any interest in the land, or had any right or authority to execute such a contract.

The judgment is affirmed.

GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, and ARNOLD, JJ., concur. RILEY, WELCH, and DAVISON, JJ., absent.