ADAM ROTH GROCER COMPANY, Appellant, v. A. C. LEWIS, Defendant; W. R. CLEMENTS, Interpleader, Respondent.

St. Louis Court of Appeals, February 23, 1897.

Sale of Part of Goods or Chattels in Mass, Without Separation or Identification: TITLE. Goods or chattels sold, which are a part of a larger mass and susceptible of separation and identification, must be separated before title can vest in the vendee. *Kaufmann v. Schilling,* 58 Mo. 218, distinguished.

*Appeal from the Louisiana Common Pleas Court.—* HOW REUBEN F. ROY, Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Reynolds* and *Pearson & Pearson* for appellant.

To constitute a valid sale as against creditors of the vendor "there must remain nothing to be done between the seller and purchaser before the goods are to be delivered, as separating a specific quantity from the larger mass, or identifying them when they are mixed with others, and present right of property does not attach in the purchaser." *Cunningham v. Ashbrook,* 20 Mo. 559, 560; *Ober v. Carson's Ex'r,* 62 *Id.* 209–213; *Shoe Co. v. Bain,* 46 Mo. App. 581–594; Tied. on Sales, secs. 88, 89, 205.

There was no delivery of goods in controversy to interpleader. R. S. 1889, sec. 5178; *Wright v. McCormick,* 67 Mo. 425; *Harman v. Morris,* 28 Mo. App.

326; *Claflin v. Posenberry*, 42 Mo. 439; *State ex rel. v. Hall*, 45 Mo. App. 298–301.

What delivery and change of possession of a chattel will satisfy the statute is a question of law, where there is no substantial controversy as to the facts. *State ex rel. v. Distilling Co.*, 26 Mo. App. 303; *Stewart v. Bergstrom*, 79 Mo. 524; *State ex rel. v. Goetz*, 131 *Id.* 675; *State ex rel. v. Hall, supra.*

An interplea is in the nature of a replevin engrafted by the statute in the proceedings in attachment. It will not lie where the action in replevin will not. *Spooner v. Ross*, 24 Mo. App. 599; *State ex rel. v. Barker*, 26 *Id.* 487.

*Fagg & Ball* for respondent.

The only question presented by the record in this case is, was there a valid and legal sale to interpleader of the fifty butts of sixteen pounds each of "Even Change tobacco," inasmuch as the fifty butts were not separated from the rest of the same kind of tobacco. *Kaufmann v. Schilling*, 58 Mo. 218; *Groff v. Belche*, 62 *Id.* 400; *Henderson v. Lauck*, 21 Pa. St. 350; *Inglebright v. Hathaway*, 21 Pick. 305; Morris on Replev. 90.

Interpleader was entitled to a reasonable time to remove the goods after he had purchased them. *Shoe Co. v. Bain*, 46 Mo. App. 581, at 594, 595, and citations.

BOND, J.—Plaintiff is an attaching creditor of defendant, and as such caused a levy to be made on certain goods, including, among other things, about seventy sixteen-pound "butts" of Even Change tobacco. The interpleader claimed fifty of the sixteen-pound "butts" of Even Change tobacco embraced in plaintiff's levy. On the trial in the circuit court it

appeared that on January 30, 1896, while defendant was invoicing his stock under a sale to one Ashton, the interpleader, who was also a creditor of defendant, appeared at the store and purchased of defendant fifty sixteen-pound "butts" of Even Change tobacco, paying for said purchase by receipting a bill which he held against defendant for about $90, and entering a credit for $30, on a note which he held against him, and receiving a memorandum of said sale. At the time of the transaction the interpleader was told that the tobacco was in a corner of the store room, where a lot of other tobacco was kept. Defendant instructed his clerk to deliver it when interpleader should call for it. Nothing further was done before the levy of plaintiff's attachment. It was further shown by the evidence that the tobacco sold to interpleader was a part of a lot of seventy sixteen-pound "butts" of Even Change tobacco and other tobacco of different weight and brands, all lying together in a corner of the store room.

The trial judge gave the following instruction:

"The court instructs the jury that from the evidence in this case on behalf of the interpleader it appears that there was no separation of the fifty butts of tobacco sold to the interpleader from the whole mass of tobacco of the same kind in Lewis' store, the title did not pass to interpleader and the verdict should be for plaintiff."

Thereupon the jury returned a verdict for plaintiff. A motion for new trial was made by the interpleader, which was sustained by the court "on account of improper instructions given." From the order granting a new trial, plaintiff appealed.

The first question to be determined is whether or not the instruction given by the court was correct, under the facts in this case. Although delivery is not essential to a sale at common law where the subject-

matter of the contract is a specific chattel susceptible of delivery, yet it is necessary, when the thing transferred is a part of a larger mass, that the portion sold should be 'separated before title can vest in the buyer. *Mfg. Company v. Jones*, 64 Mo. App. *loc. cit.* 224; *Kendall Boot & Shoe Co. v. Bain*, 46 Mo. App. *loc. cit.* 594; *Ober v. Carson's Ex'r*, 62 Mo. 209; *Cunningham v. Ashbrook*, 20 Mo. 524; Tiedeman on Sales, sections 88 and 89, *et seq.* The reason of this modification of the general rule dispensing with delivery, is that until a designation is made it can not be known what is the particular subject-matter affected by the change of title. In other words, the contract of sale fails for want of certainty as to the thing to be sold. In the case at bar each of the sixteen-pound "butts" of Even Change tobacco was contained in a box printed and stamped alike. What took place at the time the interpleader claimed to have purchased is shown by his testimony, to wit:

*SALE of part of goods in mass, without separation or identification: title.*

"*Q.* How many butts of sixteen-pound Even Change do you think there was in the pile? *A.* I should judge from looking at it there was sixty-five or seventy of the smaller size, and possibly eight or ten of the other.

"*Q.* Eight or ten of the thirty-two and sixty-five or seventy of the sixteen-pound butts? *A.* Yes, sir.

"*Q.* You don't know how much "Star" and "Last Out" there was all in one large pile? *A.* Yes, sir; stacked up.

"*Q.* What was done with the tobacco while you were in the store? *A.* There was not anything done.

"*Q.* When you left it, was it in the same condition? *A.* Yes, sir.

"*Q.* Did they mark any particular butts you bought while you were there? *A.* No, sir.

"*Q.* You did not buy any particular butts? *A.* I bought fifty butts of particular tobacco.

"*Q.* You bought no particular fifty? *A.* No, sir, no particular fifty."

It is plain from these admissions that interpleader did not himself know at the time of the alleged sale what particular boxes of tobacco he would acquire by his purchase. It is also evident that the boxes containing each sixteen-pound "butts" of Even Change tobacco might have been so marked with ink or otherwise as to identify each one intended to be sold. Nothing could have been easier than for the parties to have affixed some symbol or mark denoting ownership to the boxes of tobacco proposed to be transferred, and also to have had them, after being thus marked, set apart for the buyer. Had these steps been taken, the title to the goods thus identified would have passed. As they were not taken, the title did not vest in the interpleader as against the attaching plaintiff. In *Kaufmann v. Schilling*, 58 Mo. 218, it was held that a tenant who had raised a crop of oats under a contract to give the owner one half thereof for the use of the land, was entitled, where the owner had obtained possession of the entire crop without the consent of the tenant, to replevy one half by measuring that amount out of the whole quantity. Whether the facts in that case did not constitute the parties tenants in common of the oats thereby depriving one of the right to replevy from the other, is immaterial, since the only ground for the ruling there made was that the oats were "not capable of an actual separation by identifying each particle." In the case at bar each box of tobacco was capable of separation and identification. It is clear, therefore, that the case at bar falls within the rules stated in this opinion, and is not controlled by the doctrine of the case cited, even if the latter could be sup-

ported on sound legal principles. The result is that the instruction given by the trial court at the conclusion of the evidence was correct, and the award of a new trial for assumed error in that instruction was erroneous. As it does not appear in the entire record that there was any other valid ground warranting the granting of a new trial in this case, the judgment will be reversed and the cause remanded, with directions to the circuit court to overrule the motion for a new trial, reinstate the verdict, and enter judgment accordingly.

It is so ordered. All concur.