MOSELEY, Respondent, v. NORTHWESTERN NATIONAL INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, January 24, 1905.**

1. **INSURANCE: "Interest" in Land.** The term "interest" as used in the policy of insurance upon a house, providing that the policy shall be void if any change of interest take place in the title or possession of the property insured, means some kind of property in the house, either legal or equitable.

2. **SPECIFIC PERFORMANCE: Statute of Frauds.** A receipt for the sale of land which did not contain the terms of the sale and was signed by an agent not authorized in writing, was within the statute of frauds and would not enable the purchaser to maintain an action for specific performance, although a deed was made in pursuance of the arrangement and placed in escrow.

3. **INSURANCE; "Interest" in Land: Statute of Frauds.** The making of a contract for the sale of land which is within the statute of frauds and can not be enforced by an action for specific performance is not such a change of interest as would make invalid an insurance policy upon a house on the land, which by its terms is made void in case of a change of interest in the property insured.

4. ———: ———: Lien For Purchase-Money. The fact that the purchaser under such a contract would have a lien against the land for the purchase-money and an insurable interest therein would not make the policy void on the ground that there was a change of interest.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

AFFIRMED.

*Reed, Yates, Mastin & Howell,* and *Tapley & Fitzgerald* for appellant.

(1) The interest of the insured in the property is a matter of first importance to the insurer. "If small interests can be covered by large insurance, it is easy to see the evil consequences which would result." Harness v. Ins. Co., 62 Mo. App. 248. Interest and title are not synonymous. Gibb v. Ins. Co., 61 N. W. 137. (2) Any change of whatsoever character that lessens the monetary interest of the assured in the property produces a change in interest within the meaning of the fire policy sued on. (3) The purchaser of real estate under a contract becomes the equitable owner thereof. If so it goes without saying that a change in interest is wrought thereby. Ostrander on Insurance, p. 218; Ins. Co., v. Durham, 117 Pa. St. 475; Sister v. James & Co., 26 Pa. St. 180; Snyder v. Murdock, 51 Mo. 175. (4) A general warranty deed delivered in escrow by one selling real estate satisfies the statute of frauds and makes a valid contract. Bowles v. Woodson, 6 Gratt. 78; 57 Barb. 421; Coggar v. Lansing, 57 Barb. 421. Under this contract, then Cusick became the equitable owner of this property, and the loss thereof by fire was his loss. Cusick had an insurable interest therein. Rohrback v. Ins. Co. 62 N. Y. 47. This being true, we submit that the interest in the property was not the same after as before the contract. Any change avoids the policy. (5) Even if the parol contract entered into between Moseley and Cusick was absolutely void (and it is not) still the purchaser thereunder had an equitable interest in the land to the extent of the money paid by him. Expressly so decided in Devore v. Devore, 138 Mo. 85, 39 S. W. 68; Bradley v. Ins. Co., 90 Mo. App. 369.

*Sam G. Pollard* and *J. D. Hostetter* for respondent.

The delivery of a deed in escrow does not take an oral contract for sale of land out of the statute of frauds. 6 Am. & Eng. Ency. Law (1 Ed.), 863-871. Even under such a valid executory contract of sale the loss in case of destruction by fire would fall on the vendee only in the event he had taken possession under his contract. Walker v. Owens, 79 Mo. 569; Hoffman v. Columbia, 76 Mo. App. 553, and cases therein cited.

GOODE, J.—Action on a contract by which the appellant company insured the respondent against loss by fire on a dwelling house. The insurance ran for three years from July 30, 1903, and the house burned August 27th of that year. The defense rests on this term of the contract: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any changes other than by the death of the insured take place in the interest, title or possession of the subject of the insurance, whether by process or judgment, or by voluntary act of the insured, or otherwise."

The day before the fire Moseley had agreed to sell the premises to F. C. Cusick for $1,750. This arrangement was made by S. G. Pollard, a real estate agent who acted for Moseley. Cusick paid $400 on the contract, for which Pollard, the agent, executed a receipt, designating the lot as the "Moseley property," but not by its number or record description. The receipt was not put in evidence, but the testimony goes to show that it was for $400 as part of the purchase money of the property. That the receipt contained the terms of the sale, further than a recital that it was for part of the purchase money, was not shown. Moseley was to furnish Cusick with an abstract of title and the sale was to be consummated if the title proved satisfactory to Cusick; otherwise to be abandoned and the $400 re-

turned. Pollard swore Moseley gave him no instruc-
tions about signing the receipt and that he merely knew
the price Moseley asked for the property. Pollard's
authority as agent was verbal. A warranty deed was
executed by Moseley and wife the day the receipt was
given and was turned over to Pollard to keep or put
in a bank, until the balance of the purchase money was
paid. Moseley was to give Cusick possession in from
twenty to thirty days from the date of the deed and
then full payment of the purchase was to be made. The
night after the sale had been agreed on the house
burned.

On the foregoing facts the appellant contends the
policy became void, as the interest of Moseley in the
dwelling was changed by his voluntary act. To deter-
mine whether this position is well taken it is essential
to ascertain the significance of the word "interest" as
used in the clause of the policy we have quoted. An
interest in land is often used as synonymous with an
estate in it, and is said to embrace estates, rights and
titles. [Co. Lit. 345a; Hoge v. Hollister, 2 Tenn. Chan.
629.] It has been said to be the most general term used
to denote property in lands and chattels. Without go-
ing into the lore on the subject, which may be read in
Coke and Blackstone, it is safe to say no one has an in-
terest in land, technically speaking, unless he has some
kind of property in it, either legal or equitable. Now,
if there was a change of interest in the insured dwell-
ing, the change occurred by part of Moseley's interest
passing to Cusick by force of the facts we have related.
Cusick must have acquired some property in the dwell-
ing. If so, what property did he acquire? The most
that can be claimed is that he acquired the equitable
estate in the premises. But is this true? He had paid
part of the purchase-money pursuant to the contract
of sale; but payment of all the purchase-money consti-
tutes no act of part performance to take a verbal con-
tract for the sale of a parcel of land out of the statute

of frauds. [Lydick v. Holland, 83 Mo. 703; Devore v. Devore, infra.] Cusick had a receipt executed, not by the owner of the lot, but by Pollard, an agent who acted under a verbal authority. Moreover, the receipt is not shown to have contained the terms of the contract of sale and, therefore, to be a sufficient memorandum to relieve the contract of its infirmity under the statute of frauds. For that reason, as well as because of lack of written authority to Pollard to sign the receipt, the sale was not binding on Moseley. [R. S. 1899, sec. 3418; Kelly v. Thuey, 143 Mo. 422, 45 S. W. 300.] Cusick could not have enforced specifically by a suit in equity the contract for the sale of the lot, and had no equitable estate therein by virtue of the transactions we have stated. The legal title and estate and the possession unquestionably were not changed by what was done toward a sale.

Let us look at the meaning of the clause of the policy in the light of the purpose the insurance company had in mind in inserting it as a term of the contract. The purpose of such provisos in insurance contracts is to prevent the interest of the insured party in the subject of the insurance from being diminished; to keep the insured as much concerned to take care of the property and guard against its loss by fire during the entire life of the policy, as when it is first issued. The moral risk in these contracts is of great moment to companies. That is to say, the character of the party insured and the motive he has for safeguarding the insured property from loss is important. If his interest may be diminished without affecting his right to recover on the policy, an incentive will be created to burn the property in order to get the proceeds of the policy, while the incentive to take care to prevent the property from burning will be lessened. Clauses of the kind in question are designed to obviate that risk of loss to insurance companies which arises from weakening the motive of the party insured to prevent a loss

by fire. Ayers v. Ins. Co., 17 Iowa 176. In the state of the ownership of the house when it burned, whatever loss resulted from its destruction fell on Moseley as between him and Cusick. [Hoffman v. Columbia, 76 Mo. App. 553.] The transaction had not reached a stage where Cusick as vendee had to sustain the loss, there being no binding contract of sale or act of part performance. If Cusick had been put into possession pursuant to the contract of sale, or it may be, if a contract sufficient to give him an estate in equity specifically enforcible had been executed, we could say there had been a change of interest. [Walker v. Owen, 79 Mo. 563; Gibb v. Ins. Co., 59 Minn. 297; Germon v. Id., 2 Hun 540; Loventhal v. Id., 112 Ala. 108.] A case identical in all its facts with the present one is Arkansas Fire Ins. Co. v. Wilson et al., 55 S. W. 933, 67 Ark. 553, and the conclusion reached by the Supreme Court of Arkansas was that there had been no change of interest within the meaning of the proviso. See, too, Hough v. Ins. Co., 29 Conn. 10.

It is said that Cusick had an interest in the land to the extent of the purchase-money paid by him, as he was able to charge the land with a lien for what he had paid if the sale proved abortive; and on this point we are cited to Devore v. Devore, 138 Mo. 181, 39 S. W. 68. It may be that Cusick could have enforced a lien for what he had paid against the land on failure of the sale; but if he could that possibility certainly did not constitute a change of interest. If he had enforced the lien by process or judgment there might be force in this argument.

We are cited to Bradley v. Ins. Co. (90 Mo. App. 369) as analogous to this case. The policy declared on in that case was to be void if the interest of the insured was other than an unconditional and sole ownership, and it was shown that he held the legal title not only for himself, but for a syndicate of co-owners. The case bears no resemblance to this one.

It is further said the proviso in question means that if there was a change of the insurable interest in the dwelling the policy should be void, and that Cusick had acquired an insurable interest. We are certain the word "interest" is not used in the sense of an insurable interest, which imports simply a sufficient interest in the thing insured to confer on the policy-holder the right to insure it. Just what constitutes an insurable interest in property is uncertain and need not now be decided; but a policy might be held valid on the ground that its holder had an insurable interest in the building covered, when it could not be said that he had an interest in the sense in which that word is used to designate an estate or property in land. The purpose of the clause was not to provide against the validity of the policy if issued on property in which the beneficiary had no insurable interest. There was no need for such a stipulation, as the law would annul the policy in that contingency. Besides, there are other provisos in such policies respecting the title and ownership, the effect of which is to require an interest in the insured.

The judgment is affirmed. All concur.