E. W. MANNING et ux., Respondents, v. NORTH BRITISH & MERCANTILE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 4, 1907.

1. **INSURANCE: Vendor and Vendee: Sale of Real Estate.** Plaintiff secured insurance on his house and subsequently by a valid written contract traded for a farm, putting in the lot at a stipulated amount on the price of the farm. The deed was to be made on the completion of certain payments. In the interval between the making of the contract and the making of the deed, the house burned and plaintiff brought this suit to recover his insurance. *Held*, he could not maintain the action, since the policy stipulated that any change in the interest of the subject of insurance should avoid the policy.

2. ———: ———: ———: **Rights of Parties: Loss.** After a valid contract between the vendor and the vendee the former holds the title in trust for the vendee who is the equitable owner and must suffer all loss and depreciation. [Cases considered and distinguished.]

3. ———: ———: ———: ———: ———. *Held*, under the facts plaintiff had no moral right to the insurance money, since he would receive the full purchase price of his sold property; a vendor, however, may insure his rights in the sold property but cannot recover them under the policy as absolute owner.

4. ———: ———: ———: ———: ———. Where there is a loss between the contract of sale and the delivery of the deed and the vendor recovers the loss on his contract of insurance, he

will still hold it for the benefit of the vendee who may have it applied to reduce the purchase price, but such right of recovery cannot exist where the policy interdicts any change in interest in the property.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

REVERSED.

*Fyke & Snider* for appellant.

(1) After the executory contract for the conveyance of real estate has been entered into by the execution of a bond for title and notes for the purchase money, the property is at the risk of the purchaser. If it burns up it is his loss, if it increases in value it is his gain. Snyder v. Murdock, 51 Mo. 175; Loventhal v. Ins. Co., 33 L. R. A.; Atkinson v. Henry, 80 Mo. 151; Hall v. Stephens, 65 Mo. 670; Hutchinson v. Insurance Co., 21 Mo. 97; Dolan v. Insurance Co., 88 Mo. App. 666; Barnard v. Insurance Co., 27 Mo. 35; Haughton v. Skinner, 48 Mo. App. 85.

*James T. Burney & Son* for respondents.

(1) "Forfeitures are not favored, and all conditions or provisions in contracts providing for them must be strictly construed, and that construction must be adopted, if at all permissible, which will avoid a forfeiture." McCollum v. Ins. Co., 61 Mo. App. 352; McFarland v. Accident Assn., 124 Mo. 204; Shoe Co. v. U. S. Cas. Co., 172 Mo. 135; Paper Stock Co. v. Fid. & Cas. Co., 104 Mo. App. 157. (2) Under the contract of exchange between Molesworth and Manning the title to the property and the possession remained with Manning, and was to so remain until March 1, 1905. (3) Any damages suffered by the property between the date of the contract and the

date of its consummation fell upon the vendor, Manning. Hoffman v. City, 76 Mo. App. 553; Lodge v. Ry., 100 Mo. App. 413; Moseley v. Ins. Co., 109 Mo. App. 464; Ins. Co. v. Wilson, 67 Ark. 553; Wetzer v. Duffey, 78 Wis. 170; Kempton v. State Ins. Co., 62 Ia. 83; Waldrat v. Ins. Co., 136 N. Y. 375; Gould v. Munch, 70 Me. 288; Wells v. Calman, 107 Mass. 514. (4) There was no change in the "interest, title or possession" of this property, within the meaning of the law. 13 Am. & Eng. Ency. of Law, p. 247; Haley v. Ins. Co., 120 Mass. 292; Erb v. Ins. Co., 98 Ia. 606; Ins. Co. v. Kelley, 32 Md. 421; Browning v. Ins. Co., 71 N. Y. 108; Smith v. Ins. Co., 91 Cal. 322; Gable v. Ins. Co., 32 Neb. 645; Ins. Co. v. Bethel, 142 Ill. 537; Kempton v. Ins. Co., 62 Ia. 83; Stenzel v. Ins. Co., 110 La. 1019, 98 Am. St. Rep. 481.

ELLISON, J.—This is an action on a policy of fire insurance insuring H. L. McElroy against loss on his frame dwelling, situated on a lot in Kansas City, for the period of five years. McElroy sold the property to Manning and his wife and transferred the policy to him with the consent of the company. Afterwards, on September 19, 1904, Manning entered into a written contract with J. M. Molesworth, whereby the latter sold to Manning a farm in Cass county, valued at $4,000, to be paid for by paying $500 at the time and conveying to Molesworth the lot in Kansas City, the balance, $2,250, to be paid in cash on March 1, 1905. The contract of sale recited that deeds were to be made upon payment of the cash balance of $2,250. Deeds were afterwards made by the parties. But after the contract was executed and before the deeds were made and before possession was given, the house situated on the lot in Kansas City, on which the policy was issued, was destroyed by fire. The policy contained the following clause as to ownership or change of interest, viz.:

"This entire policy shall be void if the interest of

the insured be not truly stated herein, or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if any change other than by the death of the insured takes place in the interest, title or possession of the subject of insurance whether by legal process or judgment or voluntary act of the insured."

The trial court held that there was no change of interest or ownership and rendered judgment for Manning.

We believe the judgment is not supported by the facts under settled rules of law applicable thereto. At the time of the fire, plaintiff had made a valid and binding contract, selling the property to Molesworth for $1,-250. That contract vested an equitable interest in the property in Molesworth. He thereby obtained a right to the legal title, which he, in fact, did afterwards get by regular conveyance. The loss occasioned by the destruction of the house was Molesworth's loss and not plaintiff's and if we allow plaintiff to recover he will be obtaining compensation for that which he did not lose. He sold his house before it was burned. He has conveyed by deed as he agreed to do when he sold it, *and he has gotten the entire consideration for which he sold it.*

What we have said as to who suffered the loss, is directly supported by Snyder v. Murdock, 51 Mo. 175, wherein it is held, that after an executory contract for the sale of real estate has been entered into by execution of a contract of sale by the seller and notes for the purchase money by the purchaser, the property is at the risk of the purchaser. And such is the general law. In Loventhal v. Ins. Co., 112 Ala. 108, it is said that, " 'The general principle prevailing in a court of equity is, that from the time a valid contract for the purchase of lands is entered into, the vendor, as to the land, becomes a

trustee for the vendee, and as to the purchase money, the vendee becomes a trustee for the vendor. When, as in the present case, the agreement is, in its legal nature, executory, the vendor covenanting to make title on the payment of the purchase money at a future day, a court of equity, pursuing its own maxim of looking upon or treating that as done which ought to have been done, or which the parties contemplate shall be done in the final execution and consummation of the contract, for most purposes, regards the contract as specifically executed. The vendee is the equitable owner of the land — the vendor is the owner of the purchase money. To the land a trust attaches; of it the vendor is seized for the use of the vendee. The trust binds the land, while the legal estate remains in the vendor; and it binds the heir or devisee succeeding to it, and every one claiming under the vendor, with the exception of a bona fide purchaser without notice. [1 Story, Eq., secs. 789-90.] As land, the vendee may convey or devise it; and as land it is descendible to his heirs, who may, in a court of equity, compel the specific execution of the contract. If there is not a stipulation to the contrary, the contract of itself operates a transmutation to the vendee of the possession, entitling him to the right of entry and enjoyment. [Reid v. Davis, 4 Ala. 83.]' We substantially reiterated these principles in Ashurst v. Peck, 101 Ala. 499, 14 So. Rep. 541. They are familiar to the text-writers. [2 Story, Eq., secs. 789-90; 1 Pom., Eq. Jur., secs. 368-372, 3 Ib., secs. 1161, 1406.]"

But there seems to be an impression that in order to make a loss occurring after the execution of a contract of sale and before the deed, the loss of the purchaser, he must have had the possession turned over to him; and the case of Walker v. Owen, 79 Mo. 563, is cited in support of that idea; it being contended that the latter case qualifies Snyder v. Murdock. But that is a mistake. Walker v. Owen was a case where there

was no valid contract, under the Statute of Frauds, by the purchaser, he not having signed the contract. A house situated on the property was destroyed by fire and when he was sued for the purchase money (a deed being tendered) he resisted on the ground that the contract on his part was invalid. And the trial court gave judgment for him. The Supreme Court ruled that that court would have been right, but for the fact that he was given and accepted possession and paid a small part of the purchase money. So from that expression it seems to have been concluded, that in order to prevent a loss occurring between the contract of sale and the deed, from being the seller's loss, he must have put the purchaser in possession. No such inference is justified. If the contract of sale is valid as to both parties (as it was in Snyder v. Murdock where the purchaser signed the purchase money notes as provided in the contract of sale; and as it is in this case, where both purchaser and seller have signed the contract) then there is no necessity for the purchaser taking possession. Possession is not a necessary requisite to the purchaser enjoying all the profits of his purchase, or standing for its depreciation. A valid contract of sale of real estate puts the equitable title in the vendee, although he may be out of possession.

After a valid contract of sale of real property and before a deed is made the vendor merely holds the legal title in trust for the purchaser and, if there be unpaid purchase money, as security therefor. All must agree that after a valid contract of sale all appreciation of the property is the purchaser's, and so also, necessarily all depreciation. So, therefore, in all jurisdictions, where, as in this State, the property is at the risk of the purchaser between the execution of a contract of sale and of a deed, it must be held that the execution of such contract, binding upon both parties, changes the interest of the seller and brings him within the terms of the provision in the contract of insurance above set out and avoids the pol-

icy. [Skinner v. Houghton, 92 Md. 68; Cottingham v. Ins. Co., 90 Ky. 439.]

We are cited by plaintiff to Moseley v. Ins. Co., 109 Mo. App. 464, decided by the St. Louis Court of Appeals; but we regard the case as being against his contention. For there, there was no valid contract of sale, and the reference made to possession is made in view of the invalidity of the contract, and it is intimated that if there had been a valid contract, the court would have said there was a change of interest from the seller.

What right, in morals or law, has this plaintiff to the money for which he sues? He sold the insured property to Molesworth and has received the full purchase price. Is he intitled to anything more than that? And even if he had not received the purchase price, the land stood as security for it. It is true that a vendor who sells real estate and has not received payment of the purchase money, has an insurable interest, yet it is an interest which he must insure. He cannot rely upon a contract of insurance made on totally distinct considerations, and within the terms of which he no longer stands.

It seems clearly to be the law, without reference to a provision of the nature we have quoted from this policy, that if property is destroyed by fire between the contract of sale and the deed, the vendor may recover the amount of the loss on his contract of insurance, *yet he will hold it for the benefit of his vendee.* [Skinner v. Houghton (p. 88), supra, and authorities therein cited.] And, doubtless, if the vendee owed on the purchase money, he could claim the amount of insurance collected by the vendor as diminishing the indebtedness to that extent. But no such right can exist under the contract contained in the policy in suit, for it is affirmatively provided therein that a change of interest in the property, without the consent of the company, should avoid the policy.

We are satisfied that the plaintiff has no case and the judgment will therefore be reversed. All concur.