## DAVID LONGSDORFF, Respondent, v. JOHN MEYERS et al., Appellants.

### Kansas City Court of Appeals, April 21, 1913.

1. **SALES: Part of Apples on Trees: Price: Segregation: Title: Loss.** Where one person sold to another all of the apples in his orchard which would grade first and second grade, at a certain price per barrel, the purchaser to pick and grade them in the future, and the apples were frozen before they were picked and separated, it was *held* that the title had not passed and the loss was the seller's.

2. **———: ———: ———: Appropriation: Future Measurement.** One may sell all the apples in his orchard at a certain price per barrel, to be picked in the future, and it will be an appropriation of them by the buyer and the property passes to him *in praesenti*. The fact that the amount of the purchase money is to be ascertained by future measurement does not prevent an immediate passing of the title.

3. **———: ———: ———: Separation: Setting Apart: Title.** Where personal property is a part of a general mass or lot and such part is sold, the title does not pass until the part has been separated and set apart for the purchaser.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb*, Judge.

REVERSED.

*F. C. Sasse* for appellants.

*J. A. Collet* for respondent.

ELLISON, J.—This is an action for the purchase price of a crop of apples on the trees. The judgment in the trial court was for the plaintiff.

The finding of the trial court (a jury was waived) being in favor of plaintiff, we will consider the facts to be what the evidence in his behalf tends to show them. It appears from such evidence that about the last of August, 1911, he and defendants made a verbal contract for the purchase of his crop of apples then on the trees in his orchard, which were of first and second grade, at $1.25 per barrel for the fall apples and one dollar a barrel for the winter apples of either grade, and that fifty dollars was paid to bind the bargain. Defendants were to take them from the trees and grade and barrel them and the number of barrels was to determine the amount of the purchase price. The apples failing to fall within either the first or second grade were not included in the contract. The statement of plaintiff, in his testimony, was that: "He was to take all of the apples that would grade number 1's and 2's." He was not "to take any faulty apples." Defendants picked, paid for and took away the fall apples, but the winter apples were allowed to remain on the trees until they were caught in a "cold snap" November 2nd, and frozen so as to be worthless, and defendants refused to take them.

The question in the case is whether the loss should fall on the seller or buyer; and that depends upon the question whether the title to the apples passed from plaintiff to defendants under the contract stated. Where the sale is of specific personal property at a named price, the contract of sale is an appropriation of the property to the buyer and it is thenceforth at his risk. But where anything remains to be done between the parties before the goods are to be delivered, as separating the specific quantity sold from a larger mass, or identifying them when they are mixed with others, a present right of property does not attach in the buyer. If the specific property is ascertained in the contract, and the price fixed, though the total amount of the price is to be ascertained by measure-

ment, weight or count, the latter circumstance will not prevent a present transfer of the title. As, if one sells a certain bin of wheat at so much per bushel, the total purchase money to be ascertained by measurement; or, if he should sell a flock of sheep or a drove of hogs, then in his pasture, at so much per head, the total purchase price to be afterwards found by counting, the title would immediately pass to the purchaser. [Cunningham v. Ashbrook, 20 Mo. 553; Bass v. Walsh, 39 Mo. 192; Williams v. Evans, 39 Mo. 202; Southwestern F. & C. P. Co. v. Stanard, 44 Mo. 71, 83; Ober v. Carson, 62 Mo. 209; Hamilton v. Clark, 25 Mo. App. 428; Toney v. Goodley, 57 Mo. App. 235, 241; Grocer Co. v. Clements, 69 Mo. App. 446; Glass v. Blazer, 91 Mo. App. 564; Wheless v. Grocer Co., 140 Mo. App. 572, 585.] To these may be added an interesting case on the same subject: Commonwealth v. Hess, 148 Pa. St. 98; as well as the following: Crofoot v. Bennett, 2 N. Y. 258, a sale of brick in a kiln, some not yet burned; Groat v. Gile, 51 N. Y. 431, a sale of a flock of sheep at four dollars per head, except "two bucks and a lame ewe," which were selected out; Foot v. Marsh, 51 N. Y. 288, a sale of 100 barrels, containing 4000 gallons of oil, this being a part of 150 barrels containing different qualities; Lingham v. Eggleston, 27 Mich. 324, 329, 330, a sale of "all the pine lumber on his yard at Birch Run at the following prices: For all common, eleven dollars, and to include all better at the same price; and for all culls, five dollars and fifty cents per M." It was held there was no transfer of title by the seller; the court stating, at p. 330, "that neither the quality nor the quantity was determined; . . . The price to be paid was consequently not ascertained, and could not be until the qualities were separated and measurement had."

The subject-matter of this agreement shows it to be an executory contract and not a sale *in praesenti*.

The sale was made before the apples in controversy were mature. The whole orchard as it stood, or the whole of the first and second grade, at that date, were not sold. The apples sold were the first and second grades which should be in existence at gathering time If the green apples had been wholly or partly destroyed by a storm the day following the contract, all must say the loss would have been plaintiff's. Yet that concession determines the case. It shows that no title could pass until the selection and measurement were made and that was not to be had until the season for gathering had come.

The foregoing cases illustrate different conditions with correspondingly different results. As instances in the cases from our own courts, Grocer Co. v. Clements, was where fifty sixteen-pound butts of tobacco out of a total lot of ninety, were sold, but not selected or set apart from the whole lot; it was held not to be a transfer of title. And Glass v. Blazer, was where the entire crop of flax growing on thirty acres was sold at one dollar per bushel as afterwards to be measured; it was held to be a present transfer of title.

Applying the law to the contract, as stated by plaintiff himself, there was no transfer of the title to the apples and no action for the purchase price can be maintained. The apples defendants were to get were not set apart. They were to be selected in the future and until selected they were not appropriated to defendants. First and second grades were to be separated from the others, and it was never done. A large part of personal property is classified, rated or graded, and to uphold this action we would be compelled to announce that it would be a legal sale *in praesenti* for one to sell all that part of the wheat in a bin which will grade as No. 1. If plaintiff had sold his entire orchard at a stated price per barrel, the amount of the purchase money to be ascertained by measurement then to be had, it would have been a present transfer

of title. But he did not do that; he sold an unascer-
tained part of his orchard, which was to be selected,
separated and appropriated in the future. "A con-
tract to sell personal property which is not specific or
designated, is purely executory until the property is
designated or segregated, and the vendee gets no title
until this has been done." [Metal Co. v. Daugherty,
204 Mo. 71, 81.] "When upon a verbal sale of chattels
anything remains to be done, between the vendor and
vendee, before the goods are to be delivered, as sepa-
rating the specific quantity sold from a large mass, or
identifying chattels which are mixed with others, a
present right of property does not attach in the ven-
dee." [Bass v. Walsh, supra.]

In this connection plaintiff insists that by the
terms of the contract nothing was left to be done by
him as vendor; and evidence is pointed out where the
contract was stated to be that defendants should do
the selecting and measuring of the apples. This case
does not make it necessary for us to say whether the
contract may not well show no sale *in praesenti,* where
the vendor is through and further action is only to be
taken by the vendee. [See 3rd Rule, in Benjamin on
Sales, sec. 320; and Harkness v. Russell, 118 U. S. 1. c.
668.] It is said that the intention, as gleaned from the
contract and its subject-matter, should govern. "It is
not important who is to do the weighing or measuring,
except as that fact may indicate the intention of the
parties as to the time the title is to pass." [Benjamin
on Sales, p. 298; Ward v. Shaw, 7 Wend. 404.] We
need not make this a point of decision from the fact
that we do not interpret the evidence as showing that
plaintiff as seller had nothing to do with the measure-
ment and selection of the apples. It is true it was
stated that defendant's were to do this; but that meant
they were to do the physical act at their expense. It
is manifest that the selection of the apples and their
measurement was not at the uncontrolled will of de-

fendants. Necessarily plaintiff, as seller, was to do these things concurrently with defendants, the latter doing the labor. If the apples had not frozen and had decreased heavily in price so as to make it to defendants' interest to take as few as possible, would plaintiff then have said he had nothing to do with the selection? Taking the nature of the transaction, it is too clear for doubt that plaintiff necessarily had a part in the selection of the apples.

It is the law as shown by citations in plaintiff's brief, that if a given quantity of personal property which constitutes a part of a larger mass of exactly the same kind and quality (as, for instance, wheat in an elevator) is sold, the title to the quantity sold will pass, though it has not been separated from the mass. [Brownfield v. Johnson, 128 Pa. St. 254; Nash v. Brewster, 39 Minn. 530.] And so replevin may be had for one's part of such property. [Kaufmann v. Schilling, 58 Mo. 218.] But it is said in the first of these cases that if ''the property sold is part of a mass made up of units of unequal quality or value, selection is essential to an execution of the contract''—that is, the passing of title. The same, in effect, is said in the other case. If we apply these cases to the facts as stated by plaintiff himself, he fails in his case. For defendants were not to take a part of a larger mass of exactly like kind. They were to select a part of a larger mass of unequal quality, and until selection the title did not pass.

Whether plaintiff has a cause of action for damages for negligence; based on defendants' failure to gather the apples before they froze, has not been considered.

The judgment is reversed. All concur.