BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## MARCH TERM, 1915.

L. T. BOYER, Appellant, v. LEIDIGH-HAVENS
LUMBER COMPANY, Respondent.

Kansas City Court of Appeals, March 1, 1915.

CONVERSION: Personal Property: Doors. Where personal prop-
erty is a part of a general mass or lot, and such part is sold,
the title does not pass until that part has been separated and set
apart for the purchaser, and an action for conversion cannot
be sustained for such part after all is sold to a third party, the
property never having been separated.

Appeal from Jackson Circuit Court.—*Hon. D. E. Bird,*
Judge.

AFFIRMED.

*Frank G. Warren* for appellant.

(1) The statute of frauds has no application in
this case. (a) Because its benefits cannot be claimed
187 M A]                    (523)

Boyer v. Lumber Co.

by one who is not a party to the contract and is not sought to be charged thereby. Railroad v. Clark, 121 Mo. 169; Shelton et al. v. Thompson Bennett, 96 Mo. App. 332; Aultman v. Booth, 95 Mo. 386. (b) There was a delivery of the goods. Macomber v. Parker, 30 Mass. 175. (2) If at the time of the sale, the purchaser has possession of the articles bought, no actual delivery is necessary to be made, and so idle a ceremony as the formal or symbolical delivery the law does not require. Shurtliff v. Willard, 36 Mass. 202; 209; Macomber v. Parker, 13 Pick. 183, 30 Mass. 175; Chapman v. Searle, 3 Pick. 45; Reyer v. Rice, 36 Pa. Super. Ct. 178; McCartney v. Kraper, 84 Ill. App. 266; Lead Co. v. White, 106 Mo. App. 222; Kaufman v. Schilling, 58 Mo. 218; Criley et al. v. Vasel, 52 Mo. 448. (3) It therefore follows that if appellant purchased a proportionate number of the doors out of a larger number belonging to Woods, and then took possession of the whole number, and thereafter performed acts of ownership, such as insuring the doors and making sales and deliveries in his own name from the proportion claimed by him, there is such delivery to appellant of the doors as will pass title to the proportion claimed by him as against respondent. McCartney v. Kraper, 84 Ill. App. 266; Macomber v. Parker, 30 Mass. 175.

*Haff, Meservey, German & Michaels* for respondent.

(1) As there was no marking, identification or separation of the 158 doors sued for from the 750 doors no title passed to plaintiff and he cannot recover. Longsdorff v. Meyers, 171 Mo. App. 255; Adam Roth Gro. Co. v. Lewis, 69 Mo. App. 446; American Metal Co. v. Daugherty et al., 204 Mo. 71; Kendall Boot & S. Co. v. Bain, 46 Mo. App. 581; Woods v. M'Gee, 7 Ohio, 469; Bailey v. Smith, 41 N. H. 141; England v. Moreland, 3 Mo. App. 490. (2) The foregoing rule applies

even though the whole mass be in the vendee's or a bailee's possession. But in the case at bar the vendee did not have any independent possession. Friend & Fox Paper Company v. St. Charles Starch Company, 6 Mo. App. 598; England v. Morland, 3 Mo. App. 490; Bailey v. Smith, 41 N. H. 141. (3) Even though the sale to Boyer had been of the whole carload of doors, it would have been void as against defendant. R. S. Mo. 1909, sec. 2887; Claflin v. Rosenberg et al., 42 Mo. 439; How v. Taylor, 52 Mo. 592; Halderman v. Stillington, 63 Mo. App. 212.

JOHNSON, J.—Plaintiff sued defendant in a justice court for the conversion of 158 doors valued at $350. A jury was waived in the circuit court to which the cause was appealed and plaintiff, at the close of his evidence was compelled to take an involuntary nonsuit with leave. Afterward his motion to set aside the nonsuit was overruled and he appealed.

The question for decision is the sufficiency of the evidence introduced by plaintiff to raise an issue for the court to determine as a trier of fact.

Boyer, the plaintiff, and E. N. Woods were young men of the same age who were lifelong friends and sustained intimate and confidential business relations with each other. Woods was doing business in Kansas City as a wholesale lumber dealer under the name of the Woods Lumber Company and had an office in an office building. Boyer was engaged in selling doors on his own account and was allowed to have his office with Woods free of charge. He also kept the books for Woods' business for which he was paid a salary and he sold lumber for Woods on commission. In February, 1913, Woods bought 750 fir doors from a dealer in Tacoma, Washington, and at the time the order was given he and Boyer agreed that the latter would purchase half of the doors from Woods at the same prices Woods was to pay and would credit a note of $1000

he held against Woods for borrowed money, with the purchase price of the doors he bought. But when the car arrived Woods had made a partial payment on the note which reduced the amount to about $300, and instead of buying half the doors, Boyer agreed to take a sufficient quantity to satisfy the remainder on the note. In other words, instead of buying 375 doors from Woods, he bought 205 of the value of $300. An itemized but unsigned memorandum of the sale was made by Woods which showed that 205 doors in eight different sizes were purchased by Boyer. In five of the sizes Boyer took ten doors each; in one thirty doors, in another fifty, and in another, seventy-five. The 750 doors were unloaded from the car and piled in a warehouse under the control of Boyer under an agreement that since Boyer was allowed to have an office with Woods without charge, he would charge Woods nothing for storing his doors. There was no separation of the doors and no marks placed upon them by which the 205 purchased by Boyer might be identified. Boyer superintended the unloading and storing, and afterward attended to making sales and deliveries. When a sale was made he would check it off on the memorandum and note thereon the number of doors he had left in the piles. He procured a policy of insurance covering all the doors and paid the premium, but later received payment from Woods of his proportion of the premium.

Woods became financially embarrassed and on August 30, 1913, about four months after the arrival of the doors, he sold to defendant, one of his creditors, all that remained in the warehouse. He made out an itemized descriptive list of the 750 doors he had purchased and wrote on the bottom a note addressed to the person in charge of the warehouse, ordering him to "deliver to the order of Leidigh & Havens Lumber Company such of those doors as you have on hand." The custodian obeyed the order and delivered all the

doors to defendant, including the 158 plaintiff claims belonged to him. Plaintiff made demand for the return of his doors and the demand being refused, brought this suit to recover their value.

Plaintiff does not claim to have purchased an undivided interest in 750 doors and his position is not than of a joint owner of all the doors which remained unsold at the time of the alleged conversion, but of the sole owner of a number (158) of such doors, the remainder of which belonged to Woods. The title claimed by plaintiff was derived by his purchase from Woods of a part of a quantity of doors owned by the latter and is fatally defective, so far as the rights of defendant, a subsequent purchaser from Woods, are concerned, under the rule of general acceptance in this State and in other jurisdictions, that where personal property is a part of a general mass or lot, and such part is sold, the title does not pass until the part has been separated and set apart for the purchaser. [Longsdorff v. Meyers, 171 Mo. App. 255 and cases cited; Adam Roth Grocer Co. v. Clements, 69 Mo. App. 446; American Metal Co. v. Daugherty, 204 Mo. 71; Kendall v. Bain, 46 Mo. App. 581; Woods v. M'Gee, 7 Ohio l. c. 469; Bailey v. Smith, 41 N. H. 141; England v. Mortland, 3 Mo. App. 490.]

The failure of plaintiff to have the doors he purchased separated from the general mass, or given distinctive marks by which they could be identified as his property, left the title to all the doors vested in Woods, and defendant, as a purchaser in good faith from Woods, acquired the full legal title and right to possession from him. It is immaterial whether or not plaintiff was in possession of all the doors at the time of the alleged conversion. If he was, his possession was that of the agent of Woods, his employer, and not that of an owner of part of the property, since he had no title to any of it, and title could not pass to him

until he had separated the doors he had purchased from the general mass.

The court did not err in ruling that plaintiff cannot recover under his own evidence.

The judgment is affirmed.