SARAH OGDEN, Respondent, v. HARTFORD FIRE INSURANCE CO., a Corporation, Appellant.

Kansas City Court of Appeals, May 20, 1918.

1. **FIRE INSURANCE:** Trustee's Sales. The plaintiff who was the owner of a house and lot, insured the house against fire with the defendant. The defendant placed upon the policy a mortgage clause to cover a deed of trust upon the property. Two days after the sheriff, acting as substitute trustee, sold the property at auction to one Thompson, the house was destroyed by fire, but Thompson afterwards refused to pay the purchase price or accept the title, and the plaintiff sued the defendant to recover the insurance. It is *held,* that there was no change of interest in the property by reason of sheriff's sale for the reason that the sale was not binding on Thompson, or the sheriff, and that in order that there be a change of interest there must be something done by the sheriff, or the bidder, at the time of trustee's sale at least sufficient upon which to enforce an action for specific performance.

2. ———: ———: **Statute of Frauds.** It is not necessary that the plaintiff plead the Statute of Frauds in her reply in order to make that point in a trial, for under the general denial contained in her reply to the defendant's answer the platintiff could object to any offer to prove, by oral testimony, things that were required to be in writing.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,*
Judge,

AFFIRMED.

A. L. Shortage for respondent.

R. S. Robertson for appellant.

BLAND, J.—On the 10th day of April, 1917, plaintiff was the owner of a house and lot in Sedalia, Missouri, and on that day defendant insured said house against fire in the sum of eight hundred ($800) dollars. At the time the insurance was taken out there was a deed of trust on the property securing four hundred and fifty ($450) dollars and accrued interest thereon. A mortgage clause was placed in the policy. On June 14, 1917, two days before the house was destroyed by fire, it having been advertised for sale under the deed of trust, the sheriff of Pettis county, acting as substitute trustee under the provision of the deed of trust, auctioned off the property at a trustee's sale to one John Thompson, the highest and best bidder, for four hundred and eighty-five (485) dollars, and the property was knocked down to him. The sheriff entered a memorandum of the sale in his sale book.

About a week or ten days after the sale Thompson requested the sheriff to make a deed to him and the sheriff made out the deed and was at all times willing and ready to deliver the same, but Thompson refused on demand of the sheriff to pay the purchase price.

The policy contained a provision as follows:

"If the interest of the assured be or become other than the entire, unconditional, and sole ownership of

the property; or if a building insured be on ground not owned by the assured in fee simple; or if this policy be assigned; then and in every such case this policy shall be void, unless otherwise provided by agreement endorsed hereon."

Defendant refused to pay the insurance and suit was brought by plaintiff. The court directed a verdict for plaintiff and defendant has appealed.

It is defendant's contention that by reason of the foreclosure proceedings that the interest of the assured became other than "the entire, unconditional, and sole ownership of the property." Whether there could be such a change of interest before the title passed to the purchaser at the foreclosure sale by the receipt of the money from the purchases and the delivery of a deed to him by the sheriff, we need not say, for the reason that even if we put the construction upon the clause quoted that defendant apparently contends for, we do not think that there was a change of interest. In order for there to have been a change of interest there must have been something done by the sheriff or the bidder at the time of the trustee's sale at least sufficient upon which to enforce an action for specific performance. [Moseley v. Ins. Co., 109 Mo. App. 464.]

Conceding that the memorandum made by the sheriff in his sales book was a sufficient memorandum to take the sale out of the statute frauds, as is claimed by the defendant, we do not think that under the circumstances Thompson was bound by the sale. If neither the sheriff nor Thompson is bound, there was no change of interest in the property and plaintiff is entitled, of course, to set up anything tending to show that there was no change of such interest. There is nothing appearing in connection with the trustee's sale to bind Thompson, the bidder. There is no showing that any memorandum of the transaction was made or signed by him, but defendant contends, as we understand it, that the memorandum made by the sheriff was

binding upon Thompson. Of course, this could not be true because the sheriff was not the agent of Thompson. [Dunham v. Hartman, 153 Mo. 625; Hall v. Giesing, 178 Mo. App. l. c. 236.] Thompson, the bidder, not only refused on demand to pay the purchase price when the sheriff was willing and ready to give the trustee's deed, but he had failed to pay the purchase price and to carry out his contract when this suit was brought, and there is no suggestion in the evidence that he intended ever to consummate the sale, but it is to be presumed that he had no such intention. A part of what he had purchased was gone, having been destroyed by fire, and he was not legally required to take the property and had refused to do so. Under such circumstances it would be unjust to deprive plaintiff of the insurance as it is apparent that the loss would fall upon her alone. Under the circumstances it is not apparent that there has been a change of interest.

There is nothing in defendant's contention that plaintiff should have pleaded the Statute of Frauds in her reply in order to have raised the point at the trial. The answer sets up that the property was sold at a trustee's sale and that thereby the interest and title of assured had been changed. The answer having stated that there had been a sale, the presumption is that it intends to say that the sale was made and evidenced in a form to constitute a legal sale and that all matters connected therewith were required so to be, and plaintiff, under the general denial contained in her reply, could object to any offer to prove by oral testimony things that were required to be in writing. [Ming v. Oleter, 195 Mo. 460; Beckman v. Mepham, 97 Mo. App. 161; Boyd v. Paul, 125 Mo. 9; Hillman v. Allen, 145 Mo. 638; Van Idour v. Nelson, 60 Mo. App. 523; Glasgow Milling Co. v. Burgher, 122 Mo. App. 14.]

There was no evidence that the fire was caused by any act or connivance of the plaintiff.

The judgment is affirmed. All concur.