J. M. HUBBARD and W. A. PERRY, Doing Business as HUBBARD & PERRY, Respondents, v. HOME INSURANCE COMPANY OF NEW YORK, Appellant.

Springfield Court of Appeals, June 5, 1920.

1. **INSURANCE: Insured's Transfer of Equitable Title Avoids Policy Under Change of Interest Clause.** If the insured without consent of the insurer makes a contract to sell, vesting equitable title in the purchaser, the purchaser acquires such an interest as to constitute a breach of an insurance contract change of interest clause so as to void the policy.

2. **SALES: Where Full Price not Paid and Goods had not Been Separate from Others, Title had not Passed.** Where seller agreed to deliver hay on board cars at place where stored, buyer to furnish the cars, and buyer had paid part only of price before the hay was burned, and no portion of the hay sold had been separated or indentified, and the sale was to be for cash, the title had not passed.

3. **INSURANCE: Where Goods Sold had not Been Separated or Paid for when Burned, There was no Change of Interest.** Where buyer had paid only part of cash sale price for hay and had not yet furnished cars at point where hay was stored as agreed, so seller could deliver on board cars, and the hay had not been separated and title not passed when it was burned, no such interest was vested in buyer as to destroy seller's insurable interest under change of interest clause, and the fact that buyer could recover from seller for payments made did not constitute such a change, in view of the rules against forfeiture and for the construction favorable to the insured in case of doubt.

Appeal from Circuit Court of Wright County.—*Hon C. H. Skinker*, Judge.

AFFIRMED.

*Fyke, Snider & Hume* for appellant.

(1) The trial court erred in refusing to give defendant's declaration No. 1 for the reason there had been a change of interest, title or possession of the hay insured prior to its destruction, contrary to the policy terms, and the insurance was thereby made void. Snyder v. Murdock, 51 Mo. 175; Manning v. L. & L. & G. Ins. Co., 125 Mo. App. 456; Vancouver National Bank v. Law, Union & Crown Ins. Co., 153 Fed. 440; Skinner v. Dry-Dock Co., 43 Atl. 85. (2) The finding is excessive. Plaintiffs were not, if entitled to recover on the policy, entitled to recover more than the loss they sustained by the fire, and the evidence shows they did not sustain a loss for more than $778.40 instead of $1378.40, the amount of judgment. 1 Joyce on Insurance, 79; Davis v. Phoenix Ins. Co., 43 Pac. 1115, 111 Cal. 409.

*Lamar, Lamar & Lamar* for respondent.

(1) If a mass is actually delivered, and weighing or counting is all that is necessary to fix the price, title may pass, but where there is no delivery and no separation so that the part contracted can be known or distinguished from other parts of one mass no title passes. Grocer Company v. Clements, 69 Mo. App. 446; Metal Company v. Daugerty, 204 Mo. 71; Ficklin v. Tinder, 161 Mo. App. 283, 288; Boyer v. Lumber Company, 187 Mo. App. 523, 527; Ober et al. v. Carson's Ex., 62 Mo. 209. (2) If anything remains to be done between buyer and seller, such as delivery, where the contract is for vendor to deliver them, title does not pass until such delivery. Thomas v. Ramsey, 47 Mo. App. 84, 99; Fairbanks v. Railroad, 167 Mo. App. 286, 291; Sate v. Swift, 198 S. W. 457.

BRADLEY, J.—On August 22, 1918, defendant issued its policy for $1400 insuring defendants against loss or damage by fire on some baled hay consisting of 59 tons, 710 pounds, then in a certain building. The hay burned on September 22nd thereafter, and plain-

tiffs sought to collect under the policy, and payment was declined, and hence this suit. A jury was waived, and the cause tried before the court. Judgment went for plaintiffs for $1378.40, and defendant brings the cause here by its appeal.

The policy contained a provision that it would be void "if the interest of the insured be other than unconditional and sole ownership of the said property, or if any change take place in the interest, title or possession of the subject of the insurance." On this clause defendant relies to defeat recovery. On September 5th plaintiffs contracted to sell 50 tons of this hay to one Lawler. The hay was sold to be delivered by plaintiffs on board cars at Mountain Grove where it was stored in the building where it burned. The purchaser was to obtain the cars, and was to notify plaintiffs. Cars could not be readily obtained, and no time was fixed as to when the cars would be furnished. At the time of the purchase by Lawler his agent Wheeler gave plaintiff Perry a check for $250, and the next day, September 6th, gave plaintiff Hubbard a check for $350, and these checks were cashed. Plaintiff Hubbard seemed to be fearful that the payment of $250 might not be sufficient to impel Lawler to take the hay should the price drop considerably, and for this reason the $350 payment was requested. Cars were not obtained, and the hay burned as stated on September 22nd. Plaintiffs sought to prove that Lawler was threatening suit to recover back what he had paid, and that they were compelled to and did pay Lawler back his money, but the court excluded this evidence.

Defendant contends that Lawler had acquired such an interest in the hay as to bring into operation the change of interest clause in the policy, and render it void as the clause provided. Plaintiffs contend that there was no separation or setting a part of the hay contracted to be sold, so that it could be identified from other hay in the building, and that there was no delivery which plaintiffs were required to make, and that the sale was for cash, and that full payment of the purchase

price was a prerequisite to the passing of title; and that, therefore, there was no breach of the policy. In addition plaintiffs relied upon an alleged waiver, but we do not deem it necessary to consider the question of waiver.

Defendant relies on Manning v. Insurance Company, 123 Mo. App. 456, 99 S. W. 1095. In that case the policy was issued to one McElroy, who sold the lot and dwelling house insured to Manning, and with the company's consent transferred the policy. Afterwards on September 19, 1904, Manning entered into a written contract with one Molesworth whereby the latter sold to Manning a farm valued at $4000 to be paid for by paying $500 at the time, and conveying to Molesworth the lot and dwelling house insured, the balance of the consideration to be paid on March 1, 1905. The contract recited that deeds were to be made upon payment of the balance of the consideration, and deeds were afterwards made. But after the contract was executed, and before the deeds were made, and before possession was given, the insured dwelling burned. The policy contained this clause: "The entire policy shall be void if the interest of the insured be not truly stated herein, or if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple, or if any change other than by the death of the insured takes place in the interest, title or possession of the subject of insurance whether by legal process or judgment or voluntary act of the insured." The court held that plaintiff could not recover. That the contract of sale vested an equitable interest in Molesworth, and that he obtained a right to the legal title. That the loss occasioned by the fire was Molesworth's loss, and not Manning's. The court in discussing the question in the Manning case used this language: "After a valid contract of sale of real property and before a deed is made the vendor merely holds the legal title in trust for the purchaser and, if there be unpaid purchase money, as security therefor. All

must agree that after a valid contract of sale all appreciation of the property is the purchaser's, and so also, necessarily all depreciation. So, therefore, in all jurisdictions, where, as in this state, the property is at the risk of the purchaser between the execution of such contract, binding upon both parties, changes the interest of the seller and brings him within the terms of the provision in the contract of insurance above set out and avoids the policy.''

Snyder v. Murdock 51 Mo. 175, is cited in the manning case as supporting the conclusion there reached. In the Snyder case the court held that after an executory contract for the conveyance of real estate has been entered into, by the execution of a bond for title and notes for the purchase money, the property is at the risk of the purchaser, and if it burns it is his loss, and if it increases in value it is his gain, and that this is the settled equity doctrine based upon the principle that in equity what is agreed to be done must be considered as done. In Moseley v. Insurance Co., 209 Mo. App. 464, 84 S. W. 1000, the policy contained this clause: ''This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if any change other than by the death of the insured take place in the interest, title or possession of the subject of the insurance, whether by process or judgment, or by voluntary act of the insured, or otherwise.'' The day before the fire Moseley agreed to sell insured property which was a dwelling. The arrangement to sell was made by one Pollard, a real estate agent. Cusick, the purchaser paid to the agent $400 on the contract for which the agent executed a receipt designating the lot as the ''Moseley property.'' Moseley was to furnish the purchaser with an abstract of title and the sale was to be consumated if the title proved satisfactory. Pollard's authority as agent was verbal. The court held that plaintiff Moseley could recover. That Pollard's authority to sell not being in writing, the sale was not binding on Moseley, and that the purchaser could not have enforced specific per-

formance, and had no equitable estate in the premises by virtue of the transaction. In the course of the opinion discussing the meaning and significance of the word *interest* as used in the clause in the policy, Judge Goode, speaking for the court, said: ''An interest in land is often used as synonymous with an estate in it, and is said to embrace estates, rights and titles. [Co. Lit. 345a; Hoge v. Hollister, 2 Tenn. Chan. 629.] It has been said to be the most general term used to denote property in lands and chattels. Without going into the lore on the subject which may be read in Coke and Blackstone, it is safe to say no one has an interest in land, technically speaking, unless he has some kind of property in it, either legal or equitable.'' It was urged in the Moseley case that the purchaser, Cusick, had an interest in the land to the extent of the purchase money paid as he could have charged the land with a lien to that extent, but of this the court says: ''But if he could, that possibility certainly did not constitute a change of interest. If he had enforced the lien by process or judgment there might be force in this argument.''

It seems that the rule in this state respecting insured real property is that if the insured without the consent of the insurer makes a contract to sell vesting the equitable title in the purchaser that the purchaser acquires such an interest as to constitute a breach of an insurance contract containing a change of interest clause as here. Also to the same effect are Brighton Beach Racing Ass'n. v. Home Insurance Co., 99 N. Y. Supp. 219, 113 App. Div. 728, 82 N. E. 1124, 198 N. Y. 526; Grunauer v. Westchester etc. Co., 72 N. J. Law 289, 289, 62 Atl. 418, 3 L. R. A. (N. S.) 107; Gibb v. Insurance Co., 59 Minn. 267, 61 N. W. 137, 50 Am. St. Rep. 405; Brickell v. Atlas Assur. Co., 101 Pac. (Cal.) 16.

It is held in Garner v. Ins. Co., 73 Kan. 127, 84 Pac. 717, 4 L. R. A. (N. S.) 654, that the word *interest* as used in a fire insurance policy declaring that the policy shall be void if any change shall take place in the

205 App.—21

interest, title or possession of the subject of insurance, is not synonymous with title, but means some right different from title. That the term interest cannot mean a greater estate than title, since title as used in the policy is intended to mean estate, and that the word must therefore be used in contradiction to title, as including any right in property less than title, and that if the insured was the owner of the title, the word interest would have no application. [See, also, Hillard v. Bauchor, 85 Kan. 516, 118 Pac. 67.]

It is clear that the title to the hay had not passed to Lawler. The portion sold had not been separated or identified in any way, and it was sale for cash, and the ful purchase price had not been paid. All the authorities are to this effect. [See Grocer Co. v. Clements, 69 Mo. App. 446; Metal Company v. Daugherty, 204 Mo. 71, 102 S. W. 538; Ficklin v. Tinder, 161 Mo. App. 283, 143 S. W. 583; Hamra Bros. v. Herrell, et al., 200 S. W. (Mo. App.) 776; Boyer v. Lumber Co., 187 Mo. App. 523, 174 S. W. 113.] Defendant does not contend that the title to the hay had passed, so we will dwell longer on this feature.

In a recent case in the Kansas City Court of Appeals, Terminal Ice & Power Co. v. Ins. Co., 196 Mo. App. 241, 194 S. W. 722, it was held that the change of interest referred to in the policy there, similar or like the one here, in view of the rules which frown upon forfeitures, and require that insurance policies be strictly construed against the insured, means some change which would cause the loss by fire to fall on the buyer. That the title to the hay had not passed seems clear, and is conceded, and no such interest therein had been vested in Lawler as to destroy plaintiffs' insurable interest. It appears, therefore, that the loss by fire of the hay was plaintiff's loss, and not Lawler's. The mere fact that Lawler would have had recourse for the recovery of the amount he had paid, would not be in the nature of an interest in the insured property, or a change of interest, any more than was Cusick's right to enforce his lien for what he had paid in the

case of Moseley v. Insurance Co., 109 Mo. App. l. c. 469, supra. The purpose of a provision providing for forfeiture for change of interest is to prevent the interest of the insured in the subject of the insurance from being diminished; to keep the insured as much concerned during the whole life of the policy in the preservation of the property as he was when the policy was first issued. Moseley v. Insurance Co., supra. When this purpose is considered, and under the facts here, and with the rules against forfeiture in view, and also that where there is doubt or ambiguity, the policy will be construed in favor of the insured, and against the insurer, we hold that Lawler had not acquired such interest in the hay destroyed as to work a forfeiture of the policy. Reaching this conclusion it follows that the judgment should be affirmed, and it is so ordered.

*Sturgis, P. J.*, and *Farrington J.*, concur.